UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RIVERDALE CAR WASH & DETAIL
CENTER INC.,                                                        **COMPLAINT**

      Plaintiff,                  CIVIL ACTION NO.

-against-

WILLIAM H. CHA,                                                  **14 CIV. 7065**

      Defendant
-------------------------------------------------------X    **JUDGE COTE**

  Plaintiff, RIVERDALE CAR WASH AND DETAIL CENTER INC., by its attorneys, DELLA MURA & CIACCI LLP, alleges for its complaint upon information and belief:

### JURISDICTION AND VENUE

  1. RIVERDALE CAR WASH AND DETAIL CENTER INC., is a corporation duly organized and existing under the laws of the State of New York with is principal place of business located at 309 West 230th Street, Bronx, New York 10463.

  2. Defendant WILLIAM H. CHA ("Cha") is, upon information and belief, a citizen of the State of New Jersey with his principal residence at 301 Harmon Avenue, Fort Lee, New Jersey 07624.

  3. This court has jurisdiction under 28 U.S.C. Sec. 1332(a)(1) in that there is complete diversity of citizenship between plaintiff and defendant and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

  4. Venue is proper under 28 U.S.C. Sec. 1391(a) in that the plaintiff's principal place of business is in this district and the claims arose in this district.

## BACKGROUND FACTS

5. At all relevant times herein RIVERDALE CAR WASH AND DETAIL CENTER INC., operated a car wash located at 309 West 230th Street, Bronx, New York 10463.

6. On or about July 11, 2006, RIVERDALE CAR WASH AND DETAIL CENTER INC., sold the car wash business to an entity known as RIVERDALE CAR WASH, INC. hereinafter buyer/borrower. The principal of RIVERDALE CAR WASH INC., is WILLIAM H. CHA.

7. In conjunction with the sale of the car wash business on or about July 11, 2006, a promissory note in the amount of $575,000.00 payable upon the terms set forth in said note was executed by WILLIAM H. CHA, as an authorized representative of RIVERDALE CAR WASH INC. A true copy of the promissory note is annexed hereto as Exhibit "A".

8. As security for the issuance of the promissory note, RIVERDALE CAR WASH AND DETAIL CENTER, INC., insisted that a guaranty be executed by WILLIAM H. CHA in his individual capcity.

9. On or about July 11, 2006, defendant WILLIAM H. CHA, executed an unconditional irrevocable guaranty (the "guaranty"). A true copy of the guaranty is annexed as Exhibit "B".

10. Thereafter, and continuing to date RIVERDALE CAR WASH INC., the borrower, defaulted on the terms of the promissory note annexed as Exhibit A.

11. All requisite notices were given to the borrower RIVERDALE CAR INC., advising it of its breach of the promissory note.

12. As of the date of this complaint, the amount due and outstanding to the seller, plaintiff, RIVERDALE CAR WASH AND DETAIL CENTER INC., pursuant to the promissory

note is the sum of approximately $425,000.00, the exact amount due to be determined at the time of trial.

13. All requisite notices were sent to the guarantor WILLIAM H. CHA, advising Mr. Cha that as a result of a breach by RIVERDALE CAR WASH INC., with respect to payment of the promissory note, that the terms of the guaranty would be invoked.

14. The guaranty was executed by WILLIAM H. CHA, so as to induce plaintiff RIVERDALE CAR WASH AND DETAIL CENTER INC., to extend to the purchaser of the car wash a promissory note in the form annexed as Exhibit A. The guaranty, in part, guaranteed the prompt payment to plaintiff with interest, of any and all sums which may be presently due and owing or which may or shall in the future become owing to RIVERDALE CAR WASH AND DETAIL CENTER INC.

## FIRST CLAIM
## ACTION ON GUARANTY AS AGAINST WILLIAM H. CHA

15. RIVERDALE CAR WASH AND DETAIL CENTER INC., repeats and realleges each and every allegation set forth in Paragraphs "1" through "14" above.

16. Although some payments pursuant to the promissory note were made by RIVERDALE CAR WASH INC., pursuant to the terms of the promissory note set forth as Exhibit "A" RIVERDALE CAR WASH INC., has ceased making payments pursuant to said promissory note, leaving a balance due and owing on the promissory note to the plaintiff of approximately $425,000.00 with the exact amount due to be determined at the time of trial.

17. Defendant WILLIAM H. CHA, so as to induce plaintiff RIVERDALE CAR WASH AND DETAIL CENTER INC., to extend the terms of the promissory note to the purchaser of the car wash i.e., RIVERDALE CAR WASH INC., executed the guaranty annexed

as Exhibit B. WILLIAM H. CHA, executed and delivered to RIVERDALE CAR WASH AND DETAIL CENTER INC., his unconditional guaranty in writing wherein WILLIAM H. CHA, unconditionally guaranteed payment to plaintiff of all amounts that may become due and owing as a result of the promissory note dated July 11, 2006.

18. The guaranty is absolute, continuing, unconditional and an unlimited guarantee of payment which is still in full force and effect. The guaranty specifically provided that all notices of dishonor, nonpayment, etc. were waived by the guarantor.

19. No part of the sum of $425,000.00, the specific amount due to be determined at trial, owing to plaintiff RIVERDALE CAR WASH AND DETAIL CENTER, INC., has been paid although same has been duly demanded and although the sum is due and owing and payment thereof has been demanded from the guarantor.

20. By reason of the foregoing, WILLIAM H. CHA, personally owes to RIVERDALE CAR WASH AND DETAIL CENTER INC., the sum of $425,000, with the exact amount due to be determined at the time of trial with interest as unconditionally guaranteed by him.

**WHEREFORE,** RIVERDALE CAR WASH AND DETAIL CENTER INC., demands judgment as follows:

A. On the first claim against WILLIAM H. CHA, on the guaranty in the amount of $425,000.00 with the exact amount due to be determined at the time of trial plus interest and

costs of this action and such other and further relief as this court may be deem just and

proper.

Dated: Bronx, New York
August 29, 2014

                          DELLA MURA & CIACCI LLP

                          By: _____
                             Walter F. Ciacci, Esq. (5398)
                             Attorneys for Plaintiff
                             981 Allerton Avenue
                             Bronx, New York 10469
                             (718) 405-1500

## PROMISSORY NOTE

RIVERDALE CAR WASH, INC., ("Maker") offices at 309 W. 230th Street, Bronx, New York 10463 hereby promises to pay to RIVERDALE CAR WASH & DETAIL CENTER, INC., ("Payee"), offices at c/o DELLA MURA & CIACCI, LLP., 977B Allerton Avenue, Bronx, New York 10469 the sum of FIVE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($575,000.00) plus interest at the annual rate of (7%) per cent in one hundred and eighty equal monthly installments of FIVE THOUSAND ONE HUNDRED SIXTY EIGHT DOLLARS AND 26/100 ($5,168.26) with the first payment to be made September 1, 2006 and the last payment to be made August 1, 2021.

1. All payments pursuant to this notice shall be made at the election of the Payee or his successor in interest or assignee either at the Payee's address as recited herein or at such other address as the Payee may designate in writing to the Maker.

2. In the event the Payee shall not receive a payment by the 10th day of the month in which the payment is due, a default under the terms of this note, shall be deemed to have occurred. The Maker shall have ten 10 days from the giving of a notice of the default by the Payee to the Maker within which to cure the default. In the event notice is given and the default is cured or if any payment is received by the Payee on the 15th day of the month or thereafter, Maker shall also pay a late fee of ONE HUNDRED FIFTY ($150.00) DOLLARS as a part of and together with the next due regular payment. Maker is entitled to the same notice of the non-payment of such additional payment of which as if a regular installment payment has not been made. The non-payment of the late fee, after proper notice shall be a basis for Payee accelerating the entire balance then due on the note.

(a) In the event notice is given and the default is not cured, then the entire principal balance due on the note together with appropriate interest and attorneys' fees shall all then be immediately due and payable by the Maker to the Payee. The attorneys' fees to be paid by the Maker shall be equal to the attorneys' fees for which the payee shall be liable to the attorney representing the Payee in connection with the collection of the Note after its default. Notice of default shall be given in writing sent to the Maker at the address recited herein or at such other address as the Maker may indicate in writing to the Payee. Notice of change of address and notice of default shall be sent by certified mail-return receipt requested or may be personally delivered. Any notice given by mail shall be deemed to have been received on the 5th day after the day of mailing exclusive of the day of mailing whether or not the addressee acknowledges receipt of the notice by executing the return receipt. Any such notice which is either unclaimed or of which delivery is refused by the addressee shall be deemed, nevertheless, to have been given as herein provided.

3. In the event the Maker tenders payment of the note by an ordinary check which is returned to the Payee either for insufficient funds or uncollected funds, the making of such a payment, shall be deemed to be a default under the terms of this note, except in the event of a bank error documented to Payee within ten (10) days after Maker's receipt of notice of default. In the event of a default occasioned by the return of the Maker's check, whether or not that check is covered or replaced, the return of such a check to the Payee shall thereafter require Maker to send all payments to be made by the Maker to the Payee by either certified check, bank

check, or money order. The failure of the Maker to remit payment after such a default in the manner specified shall be deemed to be a material default under the terms of this promissory note. This note can be prepaid at any time without penalty.

4. The entire unpaid balance due under the terms of this promissory note shall become immediately due and payable at the option of the Payee or holder of this note:

   (a) upon the levy of any execution or attachment upon the property of the Maker with the levy not being vacated, stayed or bonded within ten (10) days thereafter.

   (b) upon the filing of an involuntary petition of bankruptcy against Maker unless the petition shall be vacated or discharged within ten (10) days, provided, however, that during said ten (10) day period and thereafter installments and interest becoming due shall be paid in accordance with the terms thereof;

   (c) upon the filing of a voluntary petition of bankruptcy by Maker or an assignment by him for the benefit of his creditors, or upon the filing of a voluntary petition of bankruptcy of Chapter 11 proceeding by any corporation or enterprise hereafter formed to possess the chattels or operate the business;

   (d) upon the sale of assets which are the subject of this transaction or of their replacements.

   (e) upon the default in the making of any payment required to be made pursuant to the lease for the car wash premises.

5. This note shall in part be secured by a Security Agreement in the nature of a chattel mortgage executed simultaneously herewith, a copy of which is attached hereto as

exhibit.

Dated:  Bronx, New York
        July 11, 2006

                                        RIVERDALE CAR WASH, INC.

                                        _____
                                        By: William H. Cha

### EXHIBIT B-2

### GUARANTY

**GUARANTEE**, given July 11, 2006, by WILLIAM H. CHA, each having an address at 301 HARMON AVE. FORT LEE, NJ 07024, (hereinafter referred to as Guarantor"), to RIVERDALE CAR WASH & DETAIL CENTER INC., a New York corporation, having an address at 309 WEST 230TH STREET, BRONX, NEW YORK 10463 ("Lender").

### WITNESSETH:

**WHEREAS**, concurrently herewith the Lender is lending to RIVERDALE CAR WASH, INC. having an address at         , (hereinafter referred to as Maker"), the sum of $625,000.00, as evidenced by Promissory Notes of even date herewith made by Maker to Lender (the "Notes"); and

**WHEREAS**, in order to induce the Lender to make said loans, the Guarantor has agreed to give the Guaranty of the payment of the Note.

**NOW THEREFORE**, in consideration of Ten Dollars, and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the parties hereto agree as follows:

1. The Guarantor do hereby unconditionally guaranty to the Lender the due and punctual payment of all principal and interest evidenced by the Notes and all extensions, renewals or refinancings thereof, whenever due and payable, and all expenses of collection of the Notes and of enforcement of the Guaranty, including reasonable attorneys' fees (collectively referred to herein as the "Obligations").

2. This Guaranty is irrevocable, continuing, indivisible and unconditional and, except as otherwise provided herein, may be proceeded upon immediately after failure by the Maker to pay any of the Obligations, without any prior action or proceeding against the Maker. The Guarantor hereby consent to and waive notice of the following, none of which shall affect, change or discharge the liability of the Guarantor hereunder: (a) any change in the terms of any agreement between the Maker and the Lender; and (b) the acceptance, alteration, release or substitution by the Lender of any security for the Obligations, whether provided by the Guarantor or any other person.

3. The Guarantor hereby expressly waive the following: (a) acceptance and notice of acceptance of the Guaranty by Lender; (b) notice of extension of time of the payment of, or renewal or alteration of the terms and conditions of, any Obligations; (c) notice of any demand for payment, notice of default or nonpayment as to any Obligations; (d) all other notices to which the

Guarantor might otherwise be entitled in connection with the Guaranty or the Obligations of the Maker hereby guarantied; and (e) trial by jury and the right thereto in any action or proceeding of any kind or nature, arising on, under or by reason of, or relating in any way to, the Guaranty or the Obligations.

4. The Guarantor has not and will not set up or claim any defense, counterclaim, set-off or other objection of any kind to the suit, action or proceeding at law, in equity, or otherwise, or to any demand or claim that may be instituted or made under and by virtue of the Guaranty. All remedies of the Lender by reason of or under the Guaranty are separate and cumulative remedies, and it is agreed that no one of such remedies shall be deemed in exclusion of any other remedies available to the Lender.

5. The Guarantor represent and warrant that the Guarantor has full power and authority to execute, deliver and perform this Guaranty, and that neither the execution, delivery nor performance of the Guaranty will violate any law or regulation, or any order or decree of any court or governmental authority, or will conflict with, or result in the breach of, or constitute a default under, any agreement or other instrument to which the Guarantor are a party or by which Guarantor may be bound, or will result in the creation or imposition of any lien, claim or encumbrance upon any property of Guarantor.

6. This Guaranty may not be changed or terminated orally. No modification or waiver of any provision of the Guaranty shall be effective unless such modification or waiver shall be in writing and signed by the Lender, and the same shall then be effective only for the period and on the conditions and for the specific instances and purposes specified in such writing. No course of dealing between the Guarantor and the Lender in exercising any rights or remedies hereunder shall operate as a waiver or preclude the exercise of any other rights or remedies hereunder.

7. This Guaranty shall be construed in accordance with, and governed by, the laws of the State of New York. No invalidity, irregularity, illegality or unenforceability of any Obligation shall affect, impair or be a defense to the enforceability of the Guaranty. Notwithstanding the invalidity, irregularity, illegality or unenforceability of any Obligation of the Maker to the Lender, the Guaranty shall remain in full force and effect and shall be binding in accordance with its terms upon the Guarantor and the heirs, executors, administrators, successors and assigns of the Guarantor.

8. This Guaranty shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and assigns. The Guarantor shall be jointly and severally liable under the Guaranty.

**IN WITNESS WHEREOF**, the Guarantor has given and executed the Guaranty on the date first above written.

**In the presence of:**

*[signature]*

_____
WILLIAM H. CHA

_____

STATE OF NEW YORK, COUNTY OF BRONX, ss.

On the 11th day of Jule, 2006, before me, the undersigned notary public, personally appeared WILLIAM H. CHA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public
My commission expires on

Walter F. Ciacci
Notary Public, State of New York
NO. 02CI6091751
Qualified in Westchester County
Commission Expires 05/19/2007

4